# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRIANNA FOSTER and JENNIFER SCHULTZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SMARTYPANTS, INC., d/b/a SMARTYPANTS HEALTHY MINDS, INC.<br><br>Defendant. | Civil Action No.:<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiffs Brianna Foster and Jennifer Schultz (collectively, "Plaintiffs") bring this action on behalf of themselves and all others similarly situated against Defendant SmartyPants, Inc., d/b/a SmartyPants Healthy Minds, Inc. ("SmartyPants" or "Defendant"). Plaintiffs make the following allegations pursuant to the investigation of their counsel and based upon information and belief, except as to allegations specifically pertaining to themselves, which are based on personal knowledge.

## NATURE OF THE ACTION

1.     This is a class action lawsuit against SmartyPants for cheating customers by selling SmartyPants-branded multivitamins (collectively, the "Multivitamins," enumerated below) that are represented to be "Complete" products that provide "Essential" nutrition (together with the labeling claims discussed below, the "Misrepresentations"). However, these purportedly "Complete" and "Essential" multivitamins fail to contain a number of essential nutrients, including vitamin K, riboflavin (vitamin B-2), and niacin (vitamin B-3). So important are these vitamins that the U.S. Food and Drug Administration ("FDA") has identified them as among the "13 vitamins that the body absolutely needs." The full list of vitamins that the FDA

has identified as necessary to human health includes "vitamins A, C, D, E, K, and the B vitamins (thiamine [(B-1)], riboflavin [(B-2)], niacin [(B-3)], pantothenic acid [(B-5)], biotin [(B-7)], vitamin B-6, vitamin B-12 and folate [(B-9)])."

2.     At issue are the following multivitamins, each of which contains or, during the Class Period, has contained the representation "Complete" on the label:  SmartyPants Kids Complete Multivitamin; SmartyPants Kids Complete and Fiber Multivitamin; SmartyPants Organics Vegetarian Kids Complete Multivitamin; SmartyPants Organics Vegetarian Kids & Toddler Complete Multivitamin; SmartyPants Teen Guy! Complete Multivitamin; SmartyPants Men's Complete Multivitamin; SmartyPants Men's MO Complete Multivitamin; SmartyPants Masters Complete Multivitamin for Men 50+; SmartyPants Masters Complete Multivitamin for Women 50+; SmartyPants Adult Complete Multivitamin; and SmartyPants Adult Complete and Fiber Multivitamin (collectively, the "Multivitamins").  None of these purportedly "Complete" Multivitamins contain all "13 vitamins that the body absolutely needs," per FDA guidance.

3.     For the foregoing reasons, Plaintiffs bring this action individually and on behalf of a nationwide class and California and New York subclasses of similarly situated individuals who, within the applicable statute of limitations period up to and including the date of judgment in this action, purchased Defendant's Multivitamins.  Based on Defendant's unlawful conduct, Plaintiffs seek damages, restitution, declaratory relief, injunctive relief, and reasonable attorneys' fees and costs, for:  (i) violation of New York's General Business Law § 349; (ii) violation of New York's General Business Law § 350; (iii) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq*.; (iv) violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq*.; (v) violation of California's Consumers Legal Remedies Act ("CLRA"), Cal. Civil Code §§ 1750, *et*

*seq*.; (vi) breach of express warranty; (vii) breach of the implied warranty of merchantability; (viii) unjust enrichment; (ix) negligent misrepresentation; and (x) fraud.

<u>**THE PARTIES**</u>

4.      Plaintiff Brianna Foster is a natural person and citizen of the State of New York who resides in the Poughkeepsie, NY.  Ms. Foster purchased Defendant's SmartyPants Kids Complete and Fiber Multivitamin on several occasions during the Class Period, with her most recent purchase occurring on or about May 15, 2019, through Amazon's online retail platform. Prior to that point, Ms. Foster also purchased her Multivitamins in or around February 2019, November 2018, June 2017, April 2017, and March 2017.  Prior to her purchases, Ms. Foster reviewed the labeling, packaging, and marketing materials for her Multivitamins and saw the representations that, among other things, the product is purportedly a "Complete Multivitamin" with "essential nutrition[,]" including "important … vitamins[,]" and that "every nutrient that goes into [the] gummies is carefully chosen based on extensive research."  Ms. Foster understood these claims to be representations and warranties by Defendant that the Multivitamins contain all the vitamins that the human body absolutely needs.  Based on that understanding, Ms. Foster purchased her Multivitamins because she specifically sought a vitamin supplement that encompasses all essential vitamins in a single product, since it is easier for her son to take one supplement with all necessary vitamins and nutrients rather than seeking the same result by taking a handful of different pills.  Ms. Foster therefore reasonably relied on these representations when she purchased her Multivitamins.  However, Ms. Foster's Multivitamins lack certain essential vitamins necessary for complete nutrition, including vitamin K and niacin (vitamin B-3).  Ms. Foster relied on Defendant's representations and warranties in deciding to purchase the Multivitamins, and these representations were part of the basis of the bargain in that she would not have purchased the Multivitamins if she had known that they do

not, in fact, contain all 13 FDA-recommended "essential vitamins" and is therefore not a "complete multivitamin." Ms. Foster also understood that, in making the sale, Amazon was acting with the knowledge and approval of the manufacturer, Defendant, and/or as Defendant's agent. Ms. Foster also understood that her purchase involved a direct transaction between herself and Defendant, because her purchase came with packaging and other materials prepared by Defendant, including representations and warranties that her Multivitamins product is, among other things, a "Complete Multivitamin" made with "essential nutrition" and "important … vitamins[.]"[1]

     5.     Plaintiff Jennifer Schultz is a natural person and citizen of the State of California who resides in Grass Valley, CA. In or around June 2020, Ms. Schultz purchased Defendant's SmartyPants Kids Complete Multivitamin at a Costco retail store in California. Up until that point, Ms. Schultz had been regularly purchasing the same Multivitamin product with a frequency of approximately every three to four months. Prior to her purchases, Ms. Schultz reviewed the labeling, packaging, and marketing materials for SmartyPants Kids Complete Multivitamins and saw the Misrepresentations that, among other things, the product is purportedly a "Complete Multivitamin" that promises that it is made with "Superstar Ingredients" and that "every nutrient that goes into [the] gummies is carefully chosen based on extensive research." Ms. Schultz understood these claims to be representations and warranties

---

[1] Defendant also claims in its marketing materials that, "[n]owadays, it's impossible to give one's kids the essential nutrition they need solely through their diet. One way or another, something will always be lacking. Now, you shouldn't need to formulate a perfect diet for your child, but it's essential that you supplement their bodies with important trace … vitamins[] and Omega-3 fatty acids. One way you can do that is with Smarty Pants Kids Complete and Fiber, which supports healthy development and provides energy." https://www.luckyvitamin.com/p-553730-smartypants-kids-complete-multivitamin-and-fiber-120-gummies?LanguageCode=EN&locale=en-US&as=nd&scid=scplp132466&sc_intid=132466&utm_campaign=LV-US-ShoppingCampaign-SmartShopping-TopBrands&gclid=Cj0KCQjwxJqHBhC4ARIsAChq4au4VxxKn0p-VRywWc89Or5r5wQFCWJml4Kkk-q0293YHIX84MjLqJsaAjQyEALw_wcB (emphasis added).

by Defendant that her Multivitamin product contains all the vitamins that the human body absolutely needs. Based on that understanding, Ms. Schultz purchased the Multivitamins for her children's consumption because she specifically sought a vitamin supplement that encompasses all essential vitamins in a single product. According to Ms. Schultz, she purchased the Multivitamins because her "children need vitamins[,]" "the bottle said it covered all the basic vitamins[,]" and "[i]t's easier for her children to take one [supplement]" as opposed to several. Ms. Schultz therefore reasonably relied on these representations when she purchased her Multivitamins. However, Ms. Schultz's Multivitamins lack certain essential vitamins necessary for complete nutrition, including vitamin K and niacin (vitamin B-3). Ms. Schultz relied on Defendant's representations and warranties in deciding to purchase the Multivitamins, and these representations were part of the basis of the bargain in that she would not have purchased the Multivitamins if she had known that they do not, in fact, contain all 13 FDA-recommended "essential vitamins" and is therefore not a "complete multivitamin." Ms. Schultz also understood that Costco, in making the sale, was acting with the knowledge and approval of the manufacturer, Defendant, and/or as Defendant's agent. Ms. Schultz also understood that her purchase involved a direct transaction between herself and Defendant as manufacturer of the Multivitamins, because her purchase came with packaging and other materials prepared by Defendant, including representations and warranties that her Multivitamin is, among other things, a "Complete Multivitamin" and that "every nutrient that goes into our gummies is carefully chosen based on extensive research."[2]

---

[2] Defendant further represents that, "[a]t SmartyPants, they're all about simplifying health. SmartyPants' gummy obsession started because they believed that the very best vitamins are all in one: premium ingredients delivered in a delicious package and sold at a fair price. SmartyPants combine nutrients … with a full multivitamin to save you money, time, and peace of mind." https://www.luckyvitamin.com/p-2700583-smartypants-kids-complete-multivitamin-and-fiber-formula-90-gummies?LanguageCode=EN&locale=en-US&as=nd&scid=scplp180985&sc_intid=180985&utm_campaign=LV-US-ShoppingCampaign-SmartShopping-

6.     Defendant SmartyPants, Inc. ("SmartyPants" or "Defendant") is a corporation organized under the laws of the state of Delaware, with its principal place of business at 4056 Del Rey Ave., Marina Del Ray, CA 90292.  Relevant to Plaintiffs' claims herein, SmartyPants is a leading global manufacturer, seller, and distributor of nutritional and dietary supplements. SmartyPants has done business in and throughout New York, California, and the United States at all times during the Class Period.  At all relevant times, SmartyPants has advertised, marketed, manufactured, distributed, and/or sold (among other things) nutritional or dietary supplements, including the Multivitamins at issue, to consumers in and throughout New York, California, and the United States.  At all relevant times, SmartyPants formulated, directed, controlled, had the authority to control, and/or participated in the acts and practices set forth in this Complaint.

7.     Plaintiffs reserve the right to amend this Complaint to add different or additional defendants, including without limitation any officer, director, employee, supplier, or distributor of Defendant who has knowingly and willfully aided, abetted, and/or conspired in the false and deceptive conduct alleged herein.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A), as amended by the Class Action Fairness Act of 2005 ("CAFA"), because this case is a class

---

TopBrands&gclid=Cj0KCQjwxJqHBhC4ARIsAChq4avJ6y6K23Hf7jORLKWxfvuCIMY2ZgP VgFmM6sptioP7G2pOv9f_XEoaAgEREALw_wcB (emphasis added).

*See also* https://www.vitacost.com/smartypants-kids-formula-and-fiber-multivitamin-gummies?&CSRC=GPF-PA-851356004071-Google_PLA_REM_Vitamins+%26+Supplements-&network=g&keywordname=&device=c&adid=92700057463647689&matchtype=&gclick=Cj0 KCQjwxJqHBHC4ARIsAChq4atdbGlzga7fjKXGBEjyMoNpq_PppJBX98TiAfRjUjnTrH3yn87e BAkaAk6hEALw_wcB&ds_agid=58700006365135728&targetid=&gclid=Cj0KCQjwxJqHBhC 4ARIsAChq4atdbGlzga7fjKXGBEjyMoNpq_PppJBX98TiAfRjUjnTrH3yn87eBAkaAk6hEAL w_wcB&gclsrc=aw.ds ("We started SmartyPants because we believe the very best vitamins are all in one: premium ingredients delivered in a delicious package at a fair price.  The people we care most about take these gummies, so we wake up every day trying to make them better and better.  Our goal, good health for the real world.  All of it.").

action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, there are over 100 members of the putative class, and Plaintiffs, as well as most members of the proposed class, are citizens of different states than Defendant.

9.     This Court has personal jurisdiction over Defendant because Defendant has continuous and systematic contacts with the State of New York, rendering it essentially "at home" in this State.  Moreover, Defendant has purposefully availed itself of the laws and benefits of doing business in this State, and Plaintiffs' claims arise out of Defendant's forum-related activities.  Furthermore, a substantial portion of the events giving rise to Plaintiffs' claims occurred in this State, including Plaintiff Brianna Foster's repeated purchases of Multivitamins at issue in this case.

10.     This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391 because a substantial part of the events, omissions, and acts giving rise to Plaintiffs' claims herein occurred in this District.  Moreover, Plaintiff Foster resides in this District and, on several occasions between 2017 and 2019, purchased Defendant's Multivitamins in this District.

## FACTUAL ALLEGATIONS

**A.     The FDA Explains That "There Are 13 Vitamins That The Body Absolutely Needs"**

11.     In a February 21, 2009 consumer bulletin entitled *Fortify Your Knowledge About Vitamins[3]*, the FDA notes that:  "Vitamins are essential nutrients that contribute to a healthy life. Although most people get all the vitamins they need from the foods they eat, millions of people worldwide take supplemental vitamins as part of their health regimen."

---

[3] https://www.fda.gov/consumers/consumer-updates/fortify-your-knowledge-about-vitamins (last accessed on July 29, 2020)

12.     The FDA further states that: "There are many good reasons to consider taking vitamin supplements, such as over-the-counter multivitamins. According to the American Academy of Family Physicians (AAFP), a doctor may recommend that you take them[] for certain health problems, if you eat a vegetarian or vegan diet, [or] if you are pregnant or breastfeeding."

13.     Additionally, the FDA states that: "The 2005 Dietary Guidelines for Americans advises that nutrient needs be met primarily through consuming foods, with supplementation suggested for certain sensitive populations. These guidelines, published by the Department of Health and Human Services and the U.S. Department of Agriculture (USDA), provide science-based advice to promote health and to reduce risk for chronic diseases through diet and physical activity. They form the basis for federal food, nutrition education, and information programs."

14.     Barbara Schneeman, Ph.D., Director of the FDA's Office of Nutritional Products, Labeling, and Dietary Supplements, says, "[t]he Guidelines emphasize that supplements may be useful when they fill a specific identified nutrient gap that cannot or is not otherwise being met by the individual's intake of food."

15.     In turn, the FDA warns that "many people consume more calories than they need without taking in recommended amounts of a number of nutrients. The Guidelines warn that there are numerous nutrients – including vitamins – for which low dietary intake may be a cause of concern."

16.     When choosing vitamins, the FDA specifies that "[t]here are 13 vitamins that the body absolutely needs: vitamins A, C, D, E, K, and the B vitamins (thiamine [(B-1)], riboflavin [(B-2)], niacin [(B-3)], pantothenic acid [(B-5)], biotin [(B-7)], vitamin B-6, vitamin B-12 and folate [(B-9)])."

**B.** **Despite Being Marketed As "Complete" Multivitamins, Defendant's Products Do Not Contain These 13 Essential Vitamins**

17.    All of the Multivitamins at issue are substantially similar.  All varieties are manufactured at Defendant's headquarters in North America.  Moreover, the labels of all of the SmartyPants Multivitamins are substantially similar.  Despite the FDA's clear guidance regarding "vitamins that the body absolutely needs," numerous SmartyPants multivitamins fail to contain all 13 essential vitamins.  And yet, these products are voluntarily labeled as being "Complete" multivitamins that offer "Essential" daily nutrition and "Aid Bones, Energy, and Digestion."  Even worse, none of the product labels expressly state that the products are in fact "incomplete," or otherwise disclose that the products do not contain all "essential" vitamins.  Indeed, if a reasonable consumer were to review the Supplement Facts portion on the back of the labels, he or she would not have any reason to know or suspect that the products at issue do not have all of the vitamins that the FDA deems to be "essential."

18.     For example, "SmartyPants Kids Complete Multivitamin" prominently represents that it is a "Complete" Multivitamin.  However, the product fails to contain vitamin K and niacin (vitamin B-3):[4]






| Supplement Facts | | | |
| --- | --- | --- | --- |
| Serving Size 4 Gummies | | | |
| Servings Per Container 30 | | | |
| | | % Daily Value | |
| | | 3 Years of Age | 4 Years and Older |
| Amount Per 4 Gummy Serving | | | |
| Calories | 30 | | |
| Total Carbohydrate | 7 g | ** | 2%† |
| Sugars | 5 g | ** | ** |
| Vitamin A (as retinyl palmitate USP) | 1000 IU | 40% | 20% |
| Vitamin C (as ascorbic acid USP) | 40 mg | 100% | 67% |
| Vitamin D (as cholecalciferol USP) | 600 IU | 150% | 150% |
| Vitamin E (as d-alpha-tocopherol from sunflower oil) | 20 IU | 200% | 67% |
| Thiamin (as thiamine mononitrate USP) | 0.05 mg | 7% | 3% |
| Riboflavin USP | 0.17 mg | 21% | 10% |
| Vitamin B-6 (as pyridoxine hydrochloride USP) | 1.33 mg | 190% | 67% |
| Folate (as L-methylfolate, calcium salt) | 267 mcg | 134% | 67% |
| Vitamin B-12 (as methylcobalamin) | 67 mcg | 2233% | 1117% |
| Biotin USP | 30 mcg | 20% | 10% |
| Pantothenic acid (as calcium D-pantothenate USP) | 1 mg | 20% | 10% |
| Iodine (as potassium iodide USP) | 100 mcg | 143% | 67% |
| Zinc (as zinc citrate USP) | 3 mg | 38% | 20% |
| Sodium | 15 mg | ** | < 1% |
| Fish Oil | 340 mg | ** | ** |
| Omega-3 Fatty Acids | 100 mg | ** | ** |
| EPA (Eicosapentaenoic Acid) | 56 mg | ** | ** |
| DHA (Docosahexaenoic Acid) | 44 mg | ** | ** |
| Choline (as choline citrate) | 12 mg | ** | ** |
| Inositol | 20 mcg | ** | ** |
| † Percent Daily Value based on a 2,000 calorie diet. | | | |
| ** Daily Value not established. | | | |

---

[4] Additionally, various marketing materials for SmartyPants Kids Complete Multivitamin represent that the product is an "All-in-One" multivitamin that will "[h]elp your kids get the nutrients that they don't always get in their diets[,]" and that, "[w]ith 13 essential nutrients[,] … these delicious gummies make it easy to give your children what they need." https://www.desertcart.com.py/products/56299743-smarty-pants-childrens-all-in-one-multivitamin-plus-omega-3-plus-vitamin-d-2-pack-180-ct-total-360-ct.

19.     Similarly, "SmartyPants Kids Complete and Fiber Multivitamin" prominently represents that it is a "Complete" Multivitamin.  However, the product fails to contain vitamin K and niacin (vitamin B-3):





## Supplement Facts

Serving Size 4 Gummies
Servings Per Container 30

| | | % Daily Value | |
|---|---|---|---|
| Amount Per 4 Gummy Serving | | 3 Years of Age | 4 Years and Older |
| Calories | 25 | | |
| Total Carbohydrate | 7 g | ** | 2%† |
| Dietary Fiber | 4 g | ** | 16%† |
| Soluble Fiber | 4 g | ** | ** |
| Sugars | 2 g | ** | ** |
| Vitamin A (as retinyl palmitate USP) | 1000 IU | 40% | 20% |
| Vitamin C (as ascorbic acid USP) | 40 mg | 100% | 67% |
| Vitamin D (as cholecalciferol USP) | 600 IU | 150% | 150% |
| Vitamin E (as d-alpha-tocopherol from sunflower oil) | 20 IU | 200% | 67% |
| Thiamin (as thiamine mononitrate USP) | 0.05 mg | 7% | 3% |
| Riboflavin | 0.17 mg | 21% | 10% |
| Vitamin B-6 (as pyridoxine hydrochloride USP) | 1.33 mg | 190% | 67% |
| Folate (as L-methylfolate, calcium salt) | 267 mcg | 134% | 67% |
| Vitamin B-12 (as methylcobalamin) | 67 mcg | 2233% | 1117% |
| Biotin USP | 30 mcg | 20% | 10% |
| Pantothenic acid (as calcium D-pantothenate USP) | 1 mg | 20% | 10% |
| Iodine (as potassium iodide USP) | 100 mcg | 143% | 67% |
| Zinc (as zinc citrate USP) | 3 mg | 38% | 20% |
| Sodium | 20 mg | ** | < 1% |
| Fish Oil | 340 mg | ** | ** |
| Total Omega-3 Fatty Acids (typical values) | 125 mg | ** | ** |
| EPA (Eicosapentaenoic Acid) | 56 mg | ** | ** |
| DHA (Docosahexaenoic Acid) | 44 mg | ** | ** |
| Choline (as choline citrate) | 12 mg | ** | ** |
| Inositol FCC | 20 mg | ** | ** |

† Percent Daily Value based on a 2,000 calorie diet.
** Daily Value not established.

20.     "SmartyPants Organics Vegetarian Kids Complete Multivitamin" prominently represents that it is a "Complete" Multivitamin.  However, the product fails to contain niacin (vitamin B-3):



## Supplement Facts

Serving Size 4 Gummies
Servings Per Container 30

| Amount Per 4 Gummy Serving | | % Daily Value |
|---|---|---|
| Calories | 30 | |
| Total Carbohydrate | 6 g | 2%† |
| Sugars | 4 g | ** |
| Includes 4 g Added Sugars | | 9%† |
| Vitamin A (as 50% beta-carotene, retinyl palmitate USP) | 180 mcg | 20% |
| Vitamin C (as organic acerola cherry extract) | 25 mg | 28% |
| Vitamin D (as cholecalciferol USP) | 20 mcg (800 IU) | 100% |
| Vitamin E (as d-alpha-tocopherol from sunflower oil FCC) | 6.6 mg | 44% |
| Thiamin (as thiamine mononitrate USP) | 0.1 mg | 8% |
| Riboflavin USP | 0.16 mg | 12% |
| Vitamin B-6 (as pyridoxal 5-phosphate) | 1 mg | 59% |
| Folate (as L-methylfolate, calcium salt) | 250 mcg DFE 150 mcg L-methylfolate | 63% |
| Vitamin B-12 (as methylcobalamin) | 1.8 mcg | 75% |
| Biotin USP | 16 mcg | 53% |
| Pantothenic acid (as calcium D-pantothenate USP) | 0.5 mg | 10% |
| Choline (as choline bitartrate USP) | 18 mg | 3% |
| Iodine (as potassium iodide USP) | 90 mcg | 60% |
| Zinc (as zinc citrate USP) | 1.5 mg | 14% |
| Sodium | 5 mg | 0% |
| Organic Flax Seed Oil | 256 mg | ** |
| Omega-3 (α-Linolenic Acid) | 134 mg | ** |
| Omega-6 (Linoleic Acid) | 39 mg | ** |
| Omega-9 (Oleic Acid) | 41 mg | ** |
| Vitamin K-2 (as menaquinone-7) | 15 mcg | ** |
| Bacillus subtilis (organic maltodextrin ≥70%, DE11±8) 1 Billion CFU | 10 mg | ** |

† Percent Daily Value based on a 2,000 calorie diet.
** Daily Value not established.

21. "SmartyPants Organics Vegetarian Kids & Toddler Complete Multivitamin" prominently represents that it is a "Complete" Multivitamin. However, the product fails to contain niacin (vitamin B-3):



## Supplement Facts

Serving Size 2 Gummies (2 & 3 year old children), 4 Gummies (4 years & older)
Servings Per Container 90 (2 & 3 year old children), 45 (4 years & older)

| | Per 2 Gummies | | Per 4 Gummies | |
| --- | --- | --- | --- | --- |
| | Amount | Daily Value 2 & 3 Year Old Children | Amount | Daily Value 4 Years and older |
| Calories | 15 | | 30 | |
| Total Carbohydrate | 3 g | 2%†† | 6 g | 2%†† |
| Sugars | 2 g | ** | 4 g | ** |
| Includes Added Sugars | 2 g | 9%†† | 4 g | 9%†† |
| Vitamin A (as 50% beta-carotene, retinyl palmitate USP) | 90 mcg | 30% | 180 mcg | 20% |
| Vitamin C (as organic acerola cherry extract) | 12.5 mg | 83% | 25 mg | 28% |
| Vitamin D (as cholecalciferol USP) | 10 mcg (400 IU) | 67% | 20 mcg (800 IU) | 100% |
| Vitamin E (as d-alpha-tocopherol from sunflower oil FCC) | 3.3 mg | 55% | 6.6 mg | 44% |
| Thiamin (as thiamine moncnitrate USP) | 0.05 mg | 10% | 0.1 mg | 8% |
| Riboflavin USP | 0.08 mg | 16% | 0.16 mg | 12% |
| Vitamin B-6 (as pyridoxal 5-phosphate) | 0.5 mg | 100% | 1 mg | 59% |
| Folate (as L-methylfolate, calcium salt) | 125 mcg DFE 75 mcg L-methylfolate | 83% | 250 mcg DFE 150 mcg L-methylfolate | 63% |
| Vitamin B-12 (as methylcobalamin) | 0.9 mcg | 100% | 1.8 mcg | 75% |
| Biotin USP | 8 mcg | 100% | 16 mcg | 53% |
| Pantothenic acid (as calcium D-pantothenate USP) | 0.25 mg | 13% | 0.5 mg | 10% |
| Choline (as choline bitartrate USP) | 9 mg | 5% | 18 mg | 3% |
| Iodine (as potassium iodide USP) | 45 mcg | 50% | 90 mcg | 60% |
| Zinc (as zinc citrate USP) | 0.75 mg | 25% | 1.5 mg | 14% |
| Sodium | 0 mg | 0% | 5 mg | 0% |
| Organic Flax Seed Oil | 128 mg | ** | 256 mg | ** |
| Omega-3 (α-Linolenic Acid) | 67 mg | ** | 134 mg | ** |
| Omega-6 (Linoleic Acid) | 20 mg | ** | 39 mg | ** |
| Omega-9 (Oleic Acid) | 20 mg | ** | 41 mg | ** |
| Vitamin K-2 (as menaquinone-7) | 7.5 mcg | ** | 15 mcg | ** |
| Bacillus subtilis (organic maltodextrin ≥70%, DE111®) | 5 mg 0.5 Billion CFU | ** | 10 mg 1 Billion CFU | ** |

† Percent Daily Value based on a 2,000 calorie diet.
** Daily Value not established.

22.     "SmartyPants Teen Guy! Complete Multivitamin" prominently represents that it is a "Complete" Multivitamin (and also that it is, in fact, "More than a Multivitamin"). However, the product fails to contain vitamin K:







23.     "SmartyPants Men's Complete Multivitamin" prominently represents that it is a "Complete" Multivitamin (and also that it is, in fact, "More than a Multivitamin").  However, the product fails to contain vitamin K:

 

24.     "SmartyPants Men's MO Complete Multivitamin" prominently represents that it is a "Complete" Multivitamin (and also that it is, in fact, "More than a Multivitamin").  However, the product fails to contain vitamin K:



25. "SmartyPants Masters Complete Multivitamin for Men 50+" prominently represents that it is a "Complete" Multivitamin (and also that it is, in fact, "More than a Multivitamin"). However, the product fails to contain riboflavin (vitamin B-2):





**Supplement Facts**

Directions: For men age 50 or older, take four (4) gummies daily. May be taken with or without food.

Serving Size 4 Gummies
Servings Per Container 30

| Amount Per 4 Gummy Serving | | % Daily Value |
|---|---|---|
| Calories | 40 | |
| Cholesterol | < 5 mg | < 1% |
| Total Carbohydrate | 9 g | 3%† |
| Sugars | 6 g | ** |
| Vitamin A (as 50% beta-carotene, 50% retinyl palmitate USP) | 2000 IU | 40% |
| Vitamin C (as ascorbic acid USP) | 60 mg | 100% |
| Vitamin D-3 (as cholecalciferol USP) | 1000 IU | 250% |
| Vitamin E (as d-alpha-tocopherol from sunflower oil) | 30 IU | 100% |
| Vitamin K-2 (as menaquinone-7) | 80 mcg | 100% |
| Thiamin (vitamin B-1 as benfotiamine) | 0.15 mg | 10% |
| Niacin (vitamin B-3 as inositol niacinate USP) | 4 mg | 20% |
| Vitamin B-6 (as pyridoxine hydrochloride USP) | 5 mg | 250% |
| Folate (as L-methylfolate, calcium salt) | 240 mcg | 60% |
| Vitamin B-12 (as methylcobalamin) | 90 mcg | 1500% |
| Biotin USP | 150 mcg | 50% |
| Pantothenic acid (as calcium D-pantothenate USP) | 2 mg | 20% |
| Iodine (as potassium iodide USP) | 150 mcg | 100% |
| Zinc (as zinc citrate USP) | 15 mg | 100% |
| Selenium (as sodium selenite) | 14 mcg | 20% |
| Sodium | 20 mg | < 1% |
| Fish Oil | 400 mg | ** |
| Omega-3 Fatty Acids | | |
| EPA (Eicosapentaenoic Acid) | 66 mg | |
| DHA (Docosahexaenoic Acid) | 44 mg | |
| Inositol (from inositol niacinate USP) | 1.1 mg | ** |
| Lutein | 10 mg | ** |
| Zeaxanthin | 2 mg | ** |
| Coenzyme Q10 (as ubiquinone USP) | 75 mg | ** |

† Percent Daily Value based on a 2,000 calorie diet.
** Daily Value not established.

Other Ingredients: Organic Cane Sugar, Organic Tapioca Syrup, Pectin, Gelatin, Citric Acid, Natural Flavors, Colored with Organic Black Carrot Juice Concentrate, Medium Chain Triglycerides from Coconut Oil, Carnauba Wax.
Omega-3 Fish Oil from Sustainable Fisheries, Small Fish Only [BMCM12ORI]

26. Likewise, "SmartyPants Masters Complete Multivitamin for Women 50+" prominently represents that it is a "Complete" Multivitamin (and also that it is, in fact, "More than a Multivitamin"). However, the product fails to contain riboflavin (vitamin B-2):



**Supplement Facts**

Serving Size 4 Gummies
Servings Per Container 30

| Amount Per 4 Gummy Serving | | % Daily Value |
|---|---|---|
| Calories | 40 | |
| Cholesterol | < 5 mg | < 1% |
| Total Carbohydrate | 9 g | 3%† |
| Sugars | 6 g | ** |
| Vitamin A (as 50% beta-carotene, 50% retinyl palmitate USP) | 2000 IU | 40% |
| Vitamin C (as ascorbic acid USP) | 60 mg | 100% |
| Vitamin D (vitamin D-3 as cholecalciferol USP) | 1000 IU | 250% |
| Vitamin E (as d-alpha-tocopherol from sunflower oil) | 30 IU | 100% |
| Vitamin K (vitamin K-2 as menaquinone-7) | 80 mcg | 100% |
| Thiamin (vitamin B-1 as benfotiamine USP) | 0.15 mg | 10% |
| Niacin (vitamin B-3 as inositol niacinate USP) | 4 mg | 20% |
| Vitamin B-6 (as pyridoxine hydrochloride USP) | 5 mg | 250% |
| Folate (as L-methylfolate, calcium salt) | 240 mcg | 60% |
| Vitamin B-12 (as methylcobalamin) | 90 mcg | 1500% |
| Biotin USP | 150 mcg | 50% |
| Pantothenic acid (as calcium D-pantothenate USP) | 2 mg | 20% |
| Iodine (as potassium iodide USP) | 150 mcg | 100% |
| Zinc (as zinc citrate USP) | 7.5 mg | 50% |
| Sodium | 20 mg | < 1% |
| Fish Oil | 400 mg | ** |
| Omega-3 Fatty Acids | | |
| EPA (Eicosapentaenoic Acid) | 66 mg | |
| DHA (Docosahexaenoic Acid) | 44 mg | |
| Inositol (from inositol niacinate USP) | 1.1 mg | ** |
| Lutein | 10 mg | ** |
| Zeaxanthin | 2 mg | ** |
| Coenzyme Q10 (as ubiquinone USP) | 60 mg | ** |

† Percent Daily Value based on a 2,000 calorie diet.
** Daily Value not established.

Other Ingredients: Organic Cane Sugar, Organic Tapioca Syrup, Pectin, Gelatin, Citric Acid, Natural Flavors, Colored with Organic Black Carrot Juice Concentrate, Medium Chain Triglycerides from Coconut Oil, Carnauba Wax.

27.     "SmartyPants Adult Complete Multivitamin" prominently represents that it is "Complete" (and also that it is, in fact, "More than a Multivitamin").  Additionally, the product's labeling and packaging explicitly states, "Inside this bottle is a major breakthrough in gummy technology.  We combined a <u>full multivitamin</u> with Omega 3s and Vitamin D into one delicious package."  (emphasis added).  However, the product fails to contain vitamin K and niacin (vitamin B-3):




| Supplement Facts | | |
| --- | --- | --- |
| Serving Size 6 Gummies | | |
| Servings Per Container 30 | | |
| **Amount Per 6 Gummy Serving** | | **% Daily Value** |
| Calories | 50 | |
| Cholesterol | < 5 mg | < 1% |
| Total Carbohydrate | 11 g | 4%† |
| Sugars | 8 g | ** |
| Vitamin A (as retinyl palmitate USP) | 1500 IU | 30% |
| Vitamin C (as ascorbic acid USP) | 60 mg | 100% |
| Vitamin D (as cholecalciferol USP) | 900 IU | 225% |
| Vitamin E (as d-alpha-tocopherol from sunflower oil) | 30 IU | 100% |
| Thiamin (as thiamine mononitrate USP) | 0.08 mg | 5% |
| Riboflavin USP | 0.26 mg | 15% |
| Vitamin B-6 (as pyridoxine hydrochloride USP) | 2 mg | 100% |
| Folate (as L-methylfolate, calcium salt) | 400 mcg | 100% |
| Vitamin B-12 (as methylcobalamin) | 100 mcg | 1667% |
| Biotin USP | 45 mcg | 15% |
| Pantothenic acid (as calcium D-pantothenate USP) | 1.5 mg | 15% |
| Iodine (as potassium iodide USP) | 150 mcg | 100% |
| Zinc (as zinc citrate USP) | 4.5 mg | 30% |
| Sodium | 25 mg | 1% |
| Fish Oil | 510 mg | ** |
| Total Omega-3 Fatty Acids (typical values) | 150 mg | ** |
| EPA (Eicosapenteanoic Acid) | 84 mg | ** |
| DHA (Docosahexaenoic Acid) | 66 mg | ** |
| Choline (as choline citrate) | 18 mg | ** |
| Inositol FCC | 30 mcg | ** |
| † Percent Daily Value based on a 2,000 calorie diet. | | |
| ** Daily Value not established. | | |

28.    "SmartyPants Adult Complete and Fiber Multivitamin" prominently represents that it is a "Complete Multivitamin" (and also that it is, in fact, "More than a Multivitamin"). However, the product fails to contain vitamin K and niacin (vitamin B-3):



## CLASS ALLEGATIONS

29.    **Class Definition.**  Plaintiffs seek to represent a class of similarly situated individuals, defined as all persons in the United States who, within the applicable statute of limitations period, up to and including the date of final judgment in this action, purchased any of the Multivitamins at issue (the "Class").

(a)    **California Subclass.**  Plaintiff Jennifer Schultz also seeks to represent a subclass of all Class members who, within the applicable statute of limitations period, up to and including the date of final judgment in this action, purchased any of the SmartyPants Multivitamins at issue in California (the "California Subclass").

(b)    **New York Subclass.**  Plaintiff Brianna Foster also seeks to represent a subclass of all Class members who, within the applicable statute of limitations period, up to and

including the date of final judgment in this action, purchased any of the SmartyPants Multivitamins at issue in New York (the "New York Subclass").

30.     Excluded from the Class and Subclasses are persons who made such purchase for purpose of resale, Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, the judge to whom this action is assigned, members of the judge's staff, and the judge's immediate family.

31.     Plaintiffs reserve the right to amend the definition of the Class and Subclasses if discovery or further investigation reveals that the Class or Subclasses should be expanded or otherwise modified.

32.     ***Numerosity.***  Members of the Class and Subclass are so numerous that their individual joinder herein is impracticable.  On information and belief, members of the Class and Subclass number in the millions.  The precise number of members and their identities are unknown to Plaintiffs at this time but may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

33.     ***Commonality and Predominance.***  Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to: whether the Multivitamins contain the "13 vitamins that the body absolutely needs;" whether Defendant warranted the Multivitamins as "Complete;" whether Defendant breached these warranties; and, if so, whether Defendant committed statutory and common law fraud by doing so.

34.     ***Typicality.***  The claims of the named Plaintiffs are typical of the claims of the Class in that the named Plaintiffs Defendant's Multivitamins in reliance on the representations and warranties described above and suffered a loss as a result of that purchase.

35.     ***Adequacy.***  Plaintiffs are adequate representatives of the nationwide Class and Subclasses because their interests do not conflict with the interests of the Class members they seek to represent, they have retained competent counsel experienced in prosecuting class actions, and they intend to prosecute this action vigorously.  The interests of Class members will be fairly and adequately protected by Plaintiffs and their counsel.

36.     ***Superiority.***  The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

37.     Defendant has acted or failed to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class and Subclasses as a whole.

38.     Without a class action, Defendant will continue a course of action that will result in further damages to Plaintiffs and members of the Class and will likely retain the benefits of their wrongdoing.

39.     Based on the foregoing allegations, Plaintiffs' claims for relief include those set forth below.

# CLAIMS FOR RELIEF

## COUNT I
### Violation Of New York's General Business Law § 349
### (On Behalf Of The New York Subclass)

40.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

41.     Plaintiff Brianna Foster brings this claim individually and on behalf of the members of the proposed New York Subclass against Defendant.

42.     New York's General Business Law § 349 ("GBL § 349") prohibits deceptive acts or practices in the conduct of any business, trade, or commerce.

43.     GBL § 349(h) provides that "any person who has been injured by reason of any violation of this section may bring … an action to recover his actual damages or fifty dollars, whichever is greater."  GBL § 349(h) further provides that "[t]he court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the defendant willfully or knowingly violated this section," and that "[t]he court may award reasonable attorney's fees to a prevailing plaintiff."

44.     Defendant's design, manufacture, distribution, marketing, advertising, labeling, and sale of the Multivitamins throughout New York constitutes "business, trade or commerce" under GBL § 349(a).

45.     Plaintiff Foster and members of the New York Subclass are consumers and residents of New York who, at any point within the applicable statute of limitations period, up to and including the date of final judgment in this action, purchased any of the Multivitamins at issue for their personal use.

46.     Defendant's conduct violates GBL § 349 because Defendant engaged in the deceptive acts and practices described above, which included marketing messages directed at

Plaintiff Foster and the New York Subclass members and conveying on the labeling and packaging for the Multivitamins and elsewhere the Misrepresentations that the Multivitamins are "Complete" and that they provide, among other things, "essential nutrition" through "premium ingredients" and "the very best vitamins [] all in one[,]" when in fact they do not contain each of the "13 vitamins that they body absolutely needs," and are therefore incomplete.

47. Defendant's marketing and sale of the Multivitamins omitted material facts concerning the health benefits associated with the use of the Multivitamins. Defendant also misrepresented facts and made misleading statements and omissions concerning the fitness of the Multivitamins for providing comprehensive dietary and nutritional support. These representations were deceptive, false, and misleading given the fact that none of the Multivitamins at issue contain all "13 vitamins that they body absolutely needs," per FDA guidance. For instance, the Multivitamins do not contain vitamin K, a necessary vitamin for blood clotting and bone development, so important for daily human health that FDA has identified it as one of the "13 vitamins that the body absolutely needs." Many of the Multivitamins are further missing niacin (vitamin B-3), and some of the Multivitamins also fail to contain riboflavin (vitamin B-2). Defendant's conduct as described herein is inherently deceptive and materially misleading, and it was known, or by the exercise of reasonable care, should have been known, to be untrue, deceptive or misleading by Defendant.

48. Defendant's materially misleading statements and deceptive acts and practices were directed at the public at large, including Plaintiff Foster and members of the New York Subclass.

49. Defendant's actions impact the public interest because Plaintiff Foster and the Class have been injured in exactly the same way as millions of other consumers by Defendant's deceptive acts and practices as described herein.

50.     Defendant's acts and practices described above were likely to mislead a reasonable consumer acting reasonably under the circumstances, including Plaintiff Foster and members of the New York Subclass.

51.     Defendant's misrepresentations, misleading statements, and omissions were material to Plaintiffs and members of the Class.

52.     Defendant's violation of GBL § 349 was willful and knowing.  As described above, at all relevant times, Defendant was fully aware that its Multivitamins failed to contain vitamin K (along with niacin and riboflavin, in several cases), and that the products at issue were therefore not "Complete Multivitamins" within the natural meaning that reasonable consumers would apply to that term, as influenced by the FDA's guidance.  Nonetheless, Defendant, through its Misrepresentations, misleading statements, and omissions as detailed above, continued to sell the Multivitamins to New York residents in order to increase its own profits, all the while bilking millions of consumers out of millions of dollars.

53.     Plaintiff Foster and members of the New York Subclass suffered injuries as a direct result of Defendant's violations of GBL § 349 because: (a) they would not have purchased the Multivitamins on the same terms if the true facts had been known about the products (*i.e.*, at the point of purchase); (b) they paid a price premium for the Multivitamins; and (c) the Multivitamins do not have the characteristics as promised by Defendant.

54.     Had Plaintiffs and the members of the Class known of Defendant's deceptive acts and practices, including and especially the Misrepresentations, misleading statements, and omissions about the Multivitamins, then they would not have purchased the Multivitamins or would not have purchased them on the same terms.

55.     As a result of its unfair, unconscionable and/or deceptive acts and practices, Defendant was able to charge more for the Multivitamins that what the products are worth.

56.     As a direct and proximate result of Defendant's conduct in violation of GBL §

349, Plaintiff Foster and members of the New York Subclass have been injured in an amount to

be proven at trial, with a statutory minimum of fifty dollars per Class member.  Moreover,

because Defendant's violation was knowing and willful, Plaintiff Foster and New York Subclass

members are entitled to treble damages under GBL § 349(h).

57.     Plaintiff Foster also seeks injunctive relief, including a state-of-the-art notice

program for the wide dissemination of a factually accurate recall notice for the Multivitamins

and the implementation of a corrective advertising campaign by Defendant.

58.     Additionally, pursuant to GBL § 349, Plaintiff and New York Subclass members

will seek attorneys' fees and costs.

**COUNT II**
**Violation Of New York's General Business Law § 350**
**(On Behalf Of The New York Subclass)**

59.     Plaintiffs hereby incorporate by reference the allegations contained in all

preceding paragraphs of this Complaint.

60.     Plaintiff Brianna Foster brings this claim individually and on behalf of the

members of the proposed New York Subclass against Defendant.

61.     New York's General Business Law § 350 ("GBL § 350") prohibits false

advertising in the conduct of any business, trade, or commerce.

62.     Pursuant to GBL § 350, false advertising is defined as "advertising, including

labeling, of a commodity … if such advertising is misleading in a material respect."

63.     Defendant's labeling of the Multivitamins promised that the Multivitamins were,

among other Misrepresentations, "Complete" and contained "Essential" vitamins.  A reasonable

consumer would understand this representation to mean that the Multivitamins contain each of

the "13 vitamins that they body absolutely needs" per FDA guidance.  However, the

Multivitamins uniformly do not contain vitamin K, and in some cases they also lack riboflavin (vitamin B-2) and niacin (vitamin B-3), and therefore are not "Complete" as the labeling and packaging purport.

64.     Based on the foregoing, Defendant has engaged in consumer-oriented conduct that is deceptive or misleading in a material way which constitutes false advertising, in violation of GBL § 350.

65.     Defendant's false, misleading, and deceptive statements and representations of fact were and are likely to mislead a reasonable consumer acting reasonably under the circumstances.

66.     Defendant's false, misleading, and deceptive statements and representations of facts have resulted in consumer injury or harm to the public interest.

67.     As a direct result of Defendant's false, misleading, and deceptive statements and representations of fact, Plaintiffs and the Class have suffered, and continue to suffer, economic injury.

68.     Plaintiff Foster and New York Subclass members have suffered damages as a direct result of Defendant's violations of GBL § 350 because: (a) they would not have purchased the Multivitamins on the same terms if they had known that the Misrepresentations were not true; (b) they paid a price premium for the Multivitamins; and (c) the Multivitamins do not have the characteristics, use, benefits, or quantities as promised by Defendant.

69.     On behalf of herself and other members of the New York Subclass, Plaintiff Foster seeks to recover: her actual damages or five hundred dollars, whichever is greater; three times actual damages; and reasonable attorneys' fees.

**COUNT III**
**Violations of California's Unfair Competition Law ("UCL"),**
**California Business & Professions Code §§ 17200, *et seq*.**
**(On Behalf Of The California Subclass)**

70.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this Complaint.

71.     Plaintiff Jennifer Schultz brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

72.     Defendant is subject to California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*.  The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising[.]"

73.     Defendant's misrepresentations and other conduct, described herein, violated the "unlawful" prong of the UCL by violating the CLRA as described herein, the FAL as described herein, and Cal. Com. Code § 2607.

74.     Defendant's misrepresentations and other conduct, described herein, violated the "unfair" prong of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits.

75.     Defendant violated the "fraudulent" prong of the UCL by making misrepresentations about the Multivitamins at issue that were untrue and misleading, as described herein.

76.     Plaintiff Schultz and the California Subclass lost money or property as a result of Defendant's UCL violations because: (a) they would not have purchased the Multivitamins on the same terms if the true facts were known about the product; (b) they paid a price premium for

the Multivitamins due to Defendant's promises and warranties; and (c) the Multivitamins do not have the characteristics as promised by Defendant.

## COUNT IV
### Violation Of California's False Advertising Law ("FAL"),
### California Business & Professions Code §§ 17500, *et seq.*
### (On Behalf Of The California Subclass)

77.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this Complaint.

78.     Plaintiff Jennifer Schultz brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

79.     California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*, makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, … in any advertising device … or in any other manner or means whatever, including over the Internet, any statement, concerning … personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

80.     Defendant committed acts of false advertising, as defined by §17500, by misrepresenting that the Multivitamins are "Complete" and "Essential" multivitamins.

81.     Defendant knew or should have known, through the exercise of reasonable care, that their representations about the Multivitamins were untrue and misleading.

82.     Defendant's actions in violation of § 17500 were false and misleading such that the general public is and was likely to be deceived.

83.     Plaintiff Schultz and the California Subclass lost money or property as a result of Defendant's FAL violations because: (a) they would not have purchased the SmartyPants Multivitamins on the same terms if the true facts were known about the product; (b) they paid a

price premium for the Multivitamins due to Defendant's promises and warranties; and (c) the
Multivitamins do not have the characteristics as promised by Defendant.

<u>**COUNT V**</u>
**Violation Of California's Consumers Legal Remedies Act ("CLRA"),**
**California Civil Code §§ 1750, *et seq*.**
**(On Behalf Of The California Subclass)**

84.     Plaintiffs hereby incorporate by reference the allegations contained in all
preceding paragraphs of this Complaint.

85.     Plaintiff Jennifer Schultz brings this claim individually and on behalf of the
members of the proposed California Subclass against Defendant.

86.     Plaintiffs and members of the Class are "consumers" within the meaning of Cal.
Civil Code § 1761(d) in that Plaintiffs and the Class sought or acquired Defendant's goods
and/or services for personal, family, or household purposes.

87.     Defendant's Multivitamins are "goods" within the meaning of Cal. Civil Code §
1761(a).  The purchases by Plaintiffs and the Class are "transactions" within the meaning of Cal.
Civil Code § 1761(e).

88.     The acts and practices of Defendant as described above were intended to deceive
Plaintiffs and the Class as described herein, and have resulted, and will continue to result, in
damages to Plaintiffs and members of the Class.  These actions violated, and continue to violate,
the CLRA in at least the following respects: (a) Defendant's acts and practices constitute
representations deceiving that the Multivitamins have characteristics, uses, and/or benefits,
which they do not have, in violation of Cal. Civil Code § 1770(a)(5); (b) Defendant's acts and
practices constitute representations that the Multivitamins are of a particular standard, quality, or
grade, when in fact they are of another, in violation of Cal. Civil Code § 1770(a)(7); and (c)
Defendant's acts and practices constitute the advertisement of the goods in question with the
intent not to sell them as advertised, in violation of Cal. Civil Code § 1770(a)(9).

89. Defendant violated these provisions of the CLRA by misrepresenting that the Multivitamins are "Complete" and "Essential" multivitamins.

90. Plaintiff Schultz and the California Subclass suffered injuries caused by Defendant's CLRA violations because: (a) they would not have purchased the SmartyPants Multivitamins on the same terms if the true facts were known about the product; (b) they paid a price premium for the Multivitamins due to Defendant's false and misleading promises and warranties; and (c) the Multivitamins do not have the characteristics as promised by Defendant.

91. Plaintiff Schultz, on behalf of herself and all other members the California Subclass, seeks an injunction prohibiting Defendant from continuing its unlawful practices in violation of the CLRA.

92. In compliance with the provisions of California Civil Code § 1782, Plaintiffs sent written notice to Defendant prior to filing this action on July 2, 2020, informing Defendant of their intention to seek damages under California Civil Code § 1750. The letter was sent via certified mail, return request, advising Defendant that it was in violation of the CLRA and demanding that it cease and desist from such violations and make full restitution by refunding the monies received therefrom. The letter expressly stated that it was sent on behalf of Plaintiffs and "all other persons similarly situated." Accordingly, Plaintiff Schultz, individually and on behalf of the proposed California Subclass, seeks damages from Defendant as permitted by Civil Code § 1782(d) for Defendant's violations of the CLRA.

**COUNT VI**
**Breach Of Express Warranty**
**(On Behalf Of The Class And Subclasses)**

93. Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this Complaint.

94.     Plaintiffs bring this claim individually and on behalf of the members of the proposed Class and Subclasses against Defendant.

95.     Defendant, as the designer, manufacturer, marketer, distributor, and/or seller of the Multivitamins at issue, expressly warranted the Multivitamins as "Complete" and "Essential," among other Misrepresentations.

96.     In fact, the Multivitamins are not "Complete" or "Essential" as Defendant claims because they do not contain each of the "13 vitamins that they body absolutely needs" per FDA guidance. Thus, the Multivitamins are not sold as marketed, advertised, and/or warranted.

97.     As a result of Defendant's false and/or misleading Misrepresentations, including that the Multivitamins are "Complete" and "Essential," the Multivitamins were defective and did not adhere to their express warranties when first sold to Plaintiffs and Class Members, and the Multivitamins have not been repaired, replaced, or otherwise modified from its condition as originally warranted since the time of sale.

98.     By breaching its express warranty, Defendant has caused, and continues to cause, these warranties to fail as to their essential purpose. In other words, the Multivitamins are not fit for such purpose because, given that the Multivitamins do not contain all "13 vitamins that the body absolutely needs," Defendant's express warranties that the Multivitamins are "Complete" and "Essential" are false and misleading.

99.     Plaintiffs and Class Members have been injured and harmed as a direct and proximate cause of Defendant's breach of express warranty because: (a) they would not have purchased the Multivitamins on the same terms if the true facts had been known at the point of purchase; (b) they paid a price premium for the Multivitamins due to Defendant's false and misleading promises and warranties; and (c) the purportedly "Complete" and "Essential" Multivitamins do not have the characteristics, uses, or benefits as promised by Defendant

because they do not contain vitamin K (among other essential vitamins) and are therefore in fact incomplete.

100.    Plaintiffs, individually and on behalf of the Class and Subclasses, seek all damages permitted by law, including compensation for the monetary difference between the Multivitamins as warranted and as sold, all other incidental and consequential damages, statutory damages, attorney's fees, and all other relief allowed by law.

**COUNT VII**
**Breach Of Implied Warranty Of Merchantability**
**(On Behalf Of The Class And Subclasses)**

101.    Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this Complaint.

102.    Plaintiffs brings this claim individually and on behalf of the members of the proposed Class and Subclasses against Defendant.

103.    Defendant, as the designer, manufacturer, marketer, distributor, and/or seller of the Multivitamins at issue, impliedly warranted (among other Misrepresentations) that the Multivitamins are "Complete" and "Essential" multivitamins, when in fact they are not.

104.    Defendant breached the warranty implied in the contract for the sale of the Multivitamins because they could not pass without objection in the trade under the contract description, the goods were not of fair average quality within the description, the goods were not fit for the ordinary purposes for which such goods are used, and the goods do not conform to the promises or affirmations of fact made on the label.  As a result, Plaintiffs and members of the proposed Class and Subclasses did not receive the goods as impliedly warranted by Defendant to be merchantable.

105.    Plaintiffs and Class members purchased the Multivitamins in reliance upon Defendant's skill and judgment and the implied warranties of fitness for the purpose.

106. The Multivitamins were not altered by Plaintiffs or Class members.

107. The Multivitamins were defective when they left the exclusive control of Defendant.

108. Defendant knew that the Multivitamins would be purchased and used without additional testing by Plaintiffs and Class members.

109. As a result of Defendant's false and/or misleading representation that the Multivitamins are "Complete" and "Essential" (among other Misrepresentations), the Multivitamins were defectively designed and unfit for their intended purpose. Thus, Plaintiffs and members of the proposed Class and Subclass did not receive the goods as warranted.

110. Plaintiffs and Class members have been injured and harmed as a direct and proximate cause of Defendant's breach of implied warranty because: (a) they would not have purchased the Multivitamins on the same terms if the true facts were known about the Multivitamins at the point of purchase; (b) they paid a price premium for the Multivitamins due to Defendant's false and misleading promises and warranties; and (c) the Multivitamins do not have the characteristics as promised by Defendant.

### COUNT VIII
### Unjust Enrichment / Restitution
### (On Behalf Of The Class And Subclasses)

111. Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this Complaint.

112. Plaintiffs brings this claim individually and on behalf of the members of the proposed Class and Subclasses against Defendant.

113. To the extent the Court determines it is necessary to do so, this claim is pled in the alternative to the other legal claims alleged in the complaint.

114.     Plaintiffs and Class members conferred benefits on Defendant by purchasing the purportedly "Complete" and "Essential" Multivitamins.  Defendant was, and reasonably should have been, expected to provide Multivitamins that conform with the qualities listed on the product's labeling and packaging.

115.     Defendant has been unjustly enriched in retaining the revenues derived from Plaintiffs and Class member's purchases of the Multivitamins.  Retention of those moneys under these circumstances is unjust and inequitable because Defendant misrepresented that the Multivitamins are "Complete" and "Essential" multivitamins (among other Misrepresentations) at the time of sale.  These Misrepresentations caused injuries to Plaintiffs and Class members because they would not have purchased the Multivitamins if the true facts were known.

116.     Defendant unjustly profited from the sale of the Multivitamins at inflated prices as a result of its false representations, omissions, and concealment of the true qualities of the Multivitamins.  Defendant benefited, at Plaintiffs' and Class and Subclass members' expenses, when it sold incomplete Multivitamins that were inferior to the purportedly "Complete" and "Essential" Multivitamins that Plaintiffs and Class Members thought they were actually purchasing at the point of sale.  Yet, the price they paid for the *incomplete* Multivitamins they ultimately received was the price for a "Complete" Multivitamin product containing "all 13 vitamins that the body absolutely needs," per FDA guidance.

117.     As a proximate result of Defendant's false representations, omissions, and/or concealment of the true qualities of the Multivitamins, and as a result of Defendant's resulting ill-gotten gains, benefits, and profits, Defendant has been unjustly enriched at the expense of Plaintiffs and Class members.  It would be inequitable for Defendant to retain their ill-gotten profits without paying the value thereof to Plaintiffs and Class Members.

118. There is a direct relationship between Defendant on the one hand, and Plaintiffs and Class members on the other, sufficient to support a claim for unjust enrichment. Defendant marketed and sold the Multivitamins with the false and misleading Misrepresentations on their labeling and packaging that the Multivitamins were "Complete" and "Essential" – in order to improve retail sales, which in turn improved wholesale sales. Conversely, Defendant knew that disclosure of the true and *incomplete* nature of the Multivitamins would suppress retail and wholesale sales of the Multivitamins, in turn suppressing the demand for the Multivitamins, resulting in less revenues to Defendant and negatively impacting the reputation of Defendant's brand among Class members and consumers at large.

119. Because Defendant's retention of the non-gratuitous benefits conferred on them by Plaintiffs and Class Members is unjust and inequitable, Plaintiffs and Class Members are entitled to restitution for their unjust enrichment in the amount of Defendant's ill-gotten gains, benefits, and profits, including interest thereon.

120. Accordingly, Plaintiffs seek, individually and on behalf of members of the Class and Subclasses, an order requiring Defendant to disgorge its gains and profits to Plaintiffs and members of the Classes, together with interest, in a manner to be determined by the Court.

**COUNT IX**
**Negligent Misrepresentation**
**(On Behalf Of The Class And Subclasses)**

121. Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this Complaint.

122. Plaintiffs bring this claim individually and on behalf of the members of the proposed Class and Subclasses against Defendant.

123. As discussed above, Defendant misrepresented that the Multivitamins are "Complete" and "Essential" multivitamins, notwithstanding the fact that the Multivitamins do

not contain "all 13 vitamins that the body absolutely needs" and are therefore not, in fact, "Complete" or "Essential" as their labeling and packaging prominently states.

124.     At the time Defendant made these representations, Defendant knew or should have known that these representations were false or made them without knowledge of their truth or veracity.  At an absolute minimum, Defendant negligently misrepresented as "Complete" or "Essential" multivitamins and/or negligently omitted material facts about the Multivitamins, namely that the Multivitamins do not contain vitamins that the body absolutely needs and are therefore incomplete.

125.     The negligent Misrepresentations and omissions made by Defendant, upon which Plaintiffs and Class members reasonably and justifiably relied, were intended to induce, and actually did induce, Plaintiffs and Class Members to purchase the Multivitamins.

126.     Plaintiffs and Class members would not have purchased the Multivitamins if the true facts had been known.

127.     The negligent actions of Defendant caused damage to Plaintiffs and Class members, who are entitled to damages and other legal and equitable relief as a result.

## COUNT X
### Fraud
### (On Behalf Of The Class And Subclasses)

128.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this Complaint.

129.     Plaintiffs bring this claim individually and on behalf of the members of the proposed Class and Subclasses against Defendant.

130.     As discussed above, Defendant provided Plaintiffs and Class members with false or misleading material information and failed to disclose material facts about the Multivitamins, including but not limited to the fact that the purportedly "Complete" and "Essential"

Multivitamins do not contain all "13 vitamins that the body absolutely needs" and are therefore

not, in fact, "Complete" or "Essential" as their labeling and packaging prominently states. These

Misrepresentations and omissions were made with knowledge of their falsehood.

131.    The Misrepresentations and omissions made by Defendant, upon which Plaintiffs

and Class members reasonably and justifiably relied, were intended to induce, and actually did

induced, Plaintiffs and Class members to purchase the Multivitamins.

132.    Defendant's fraudulent actions described above caused damage to Plaintiffs, Class

members, and Subclass members, who are entitled to damages and other legal and equitable

relief as a result.

133.    Further, as a direct result of Defendant's willful and malicious conduct, punitive

damages are warranted.

### RELIEF DEMANDED

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated,

seeks judgment against Defendant, as follows:

A.    For an order certifying the nationwide Class and the Subclasses
under Rule 23 of the Federal Rules of Civil Procedure and naming
Plaintiffs as representatives of the Class, Plaintiff Brianna Foster as
representative of the New York Subclass, Plaintiff Jennifer Schultz
as representative of the California Subclass, and Plaintiffs'
attorneys as Class Counsel to represent the Class and Subclasses;

B.    For an order declaring that Defendant's conduct violates the
statutes referenced herein;

C.    For an order finding in favor of Plaintiffs, the Class, and the
Subclasses on all counts asserted herein;

D.    For compensatory, statutory, and punitive damages in amounts to
be determined by the Court and/or jury;

E.    For prejudgment interest on all amounts awarded;

F.    For an order of restitution and all other forms of equitable
monetary relief;

G.      For injunctive relief as pleaded or as the Court may deem proper;

H.      For an order awarding Plaintiffs and members of the Class and Subclasses their reasonable attorneys' fees and reimbursement of litigation expenses and costs of suit;

I.      Damages, restitution, and/or disgorgement in an amount to be determined at trial; and

J.      For such other and further relief as the Court may deem proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury of any and all issues in this action so triable of right.

Dated: July 28, 2021              Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:   */s/ Neal J. Deckant*
        Neal J. Deckant

Neal J. Deckant
Julia K. Venditti *
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: ndeckant@bursor.com
       jvenditti@bursor.com

**BURSOR & FISHER, P.A.**
Frederick J. Klorczyk III
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: fklorczyk@bursor.com

*\* Pro Hac Vice Application Forthcoming*

*Attorneys for Plaintiffs and the Putative Class*

**<u>CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)</u>**

I, Neal J. Deckant, declare as follows:

1.      I am an attorney at law licensed to practice in the State of New York and a member of the bar of this Court.  I am a Partner at Bursor & Fisher, P.A., counsel of record for Plaintiffs Jennifer Schultz and Brianna Foster in this action.  I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would competently testify thereto under oath.

2.      The Complaint filed in this action is filed in the proper place for trial under Civil Code Section 1780(d) in that a substantial portion of the events alleged in the Complaint occurred in the Southern District of New York.  Further, Plaintiff Brianna Foster alleges she is a citizen of New York who resides in Poughkeepsie, New York.  Additionally, Defendant allegedly marketed and sold the products at issue to Plaintiff and similarly situated New York consumers in this District.

I declare under the penalty of perjury under the laws of the State of New York and the United States that the foregoing is true and correct, and that this declaration was executed at Walnut Creek, California, this 28th day of July, 2021.

<u>        <i>/s/ Neal J. Deckant</i>        </u>
Neal J. Deckant